# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 08-cv-02722-REB

JIN HEE PARK KIM,

     Petitioner/Plaintiff,

v.

ROBERT MATHER, District Director of the Denver District Office, USCIS,
MICHAEL MUKASEY, U.S. Attorney General,
MICHAEL AYTES, Acting Director of USCIS, and
MICHAEL CHERTOFF, as Secretary of Department of Homeland Ssecurity,

     Respondents/Defendants.

## ORDER DENYING MOTION TO DISMISS

**Blackburn, J.**

     The matter before me is defendants' **Motion To Dismiss for Failure To State a Claim** [#8], filed March 9, 2009. I deny the motion.[1]

     When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.

---

[1] I have subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question) and 8 U.S.C. § 1421(c) (review of final determination of naturalization application).

2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[2] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." **Dias v. City and County of Denver**, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting **Twombly**, 127 S.Ct. at 1965) (internal quotation marks omitted).

    Considering the allegations of plaintiff's complaint in light of these apposite standards of review, and being apprised of the legal arguments and authorities raised by and inherent to the motion, I find that the complaint adequately sets forth facts that

---

[2] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

**Robbins v. Oklahoma**, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting **Twombly**, 127 S.Ct. at 1974; internal citations and footnote omitted).

state a claim for relief that is plausible on its face. Accordingly, defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) must be denied.

**THEREFORE, IT IS ORDERED** that defendants' **Motion To Dismiss for Failure To State a Claim** [#8] filed March 9, 2009, is **DENIED**.

Dated March 29, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge